## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| Hans Schell, | : |
| | : Civil Action No.: <u>1:17-cv-106</u> |
| Plaintiff, | : |
| v. | : |
| | : |
| Discover Card Services, Inc., | : |
| | : **COMPLAINT** |
| Defendant. | : |
| | : |
| | : |

For this Complaint, Plaintiff, Hans Schell, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant

transacts business in this District and a substantial portion of the acts giving rise to this action

occurred in this District.

### PARTIES

3.      Plaintiff, Hans Schell ("Plaintiff"), is an adult individual residing in Lockhart,

Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

4.      Defendant, Discover Card Services, Inc. ("Discover"), is an Ohio business entity

with an address of 6500 New Albany Road E, New Albany, Ohio 43054-8730, and is a "person"

as defined by 47 U.S.C. § 153(39).

### FACTS

5.      In 2015, Discover began placing calls to Plaintiff's cellular telephone, number

512-xxx-7005, in an attempt to reach "Amelia Mendoza".

6.     At all times mentioned herein, Discover called Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") and/or using a prerecorded or artificial voice.

7.     Plaintiff does not have an account with Discover.

8.     Plaintiff does not have business relationship with Discover and never requested by agreement or otherwise that Discover contact him.

9.     In or around November 2015, Plaintiff spoke with a live representative and advised Discover that he was being called in error.

10.     Nevertheless, Discover continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

11.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.     At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer and/or using a prerecorded or artificial voice.

13.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

2

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

14.     Defendant's telephone system(s) have some earmarks of a predictive dialer.

15.     Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16.     Defendant continued to place automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17.     Plaintiff was annoyed, harassed, and inconvenienced by the continued calls.

18.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

   A.  Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

   B.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 14, 2017

Respectfully submitted,

By:   */s/ Sergei Lemberg*

Sergei Lemberg, *Attorney-in-Charge*
Connecticut Bar No. 425027
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: slemberg@lemberglaw.com
Attorneys for Plaintiff